<div style="margin-left-note">Grinnell
*v.*
Baxter.</div>

memoranda, being attested, seem taken out of the operation of the statute of limitations, by an exception in the statute itself. *St.* 1786, *c.* 52, § 5. The terms of the statute are "any note, in writing, made and signed by any person, and attested by one or more witnesses, whereby such person shall promise to pay to any other person any sum of money, mentioned in such note." These are notes in writing within this description. The Court are therefore of opinion, that these two claims should have been allowed ; that in this respect the decree must be reversed, and the claims allowed ; and in all other respects the decree is affirmed.

## ALLEN LAWRENCE *versus* LEMUEL RUSSELL.

Where the plaintiff in an action of trespass *qu. cl.* claimed the *locus* under a conveyance from one of the proprietors of certain common lands, to whom it had been set off upon a partition of such lands, it was *held*, that it was not competent for the defendant, whose only title was by virtue of acts of possession, to prove that such proprietor had received his full share of the common lands before the partition, or that the *locus* had been, previously to the partition, assigned to another proprietor, in severalty.

TRESPASS *quare clausum* against the defendant, for cutting wood on the close in question. Plea, the general issue.

At the trial it appeared, that George Allen, by his deed dated June 24, 1807, conveyed his common and undivided land in Dartmouth, to his son Noel Allen ; that on November 4, 1828, the close was laid out in severalty to Noel Allen, as one of the proprietors of the common and undivided land in Dartmouth, in his own right derived from George Allen, as an original proprietor, by a committee of the proprietors duly appointed for the purpose ; that the location was recorded in the records of the proprietors ; and that on November 7, 1828, Noel Allen conveyed it to David Lawrence, by whom, on December 7, 1832, it was conveyed to the plaintiff.

The plaintiff offered David Lawrence as a witness ; who testified as to acts of ownership on the part of himself and the plaintiff.

The defendant produced in evidence a deed executed by

Job Sherman, conveying all his real estate to Job Sherman, junior, which was dated September 1833 ; and a power of attorney from Job Sherman to the defendant, dated December 1833, authorizing the defendant to manage his lands. He also produced evidence tending to show, that Job Sherman had cut wood and timber on the close since 1819 and 1820.

It was contended on the part of the plaintiff, that he having shown a title by deed from Noel Allen, the defendant was a mere stranger, and had no right to contest the plaintiff's title under that deed. But the Court ruled, that the deed, without some evidence of title in Noel Allen, the grantor, was evidence of possession only ; that if the defendant could prove a prior possession under Sherman, it was competent for him to do so ; and that he might contest the plaintiff's claim of title from Noel Allen, by showing that Noel Allen obtained no title under the location.

The plaintiff produced evidence from the records of the proprietors and other papers connected therewith, to show, that the rights claimed through the ancestor of Noel Allen did in fact belong to them, and that such rights were recognised by the doings of the proprietors ever since 1767.

The defendant then introduced evidence to prove, that if the ancestor of Noel Allen was a proprietor in 1767, he had received his full share of the common lands before his deed to Noel Allen, so that nothing passed by that deed. This evidence was objected to, on the ground that it was not competent for the defendant, who did not hold under the proprietors, to contest the right of Noel Allen in this way. The Court ruled that such evidence was competent.

Some evidence was offered to show, that at a former period the land had been built upon. The Court ruled, that if the land had ever been divided, any location of the committee would be ineffectual, because they were to locate undivided land.

The case was thereupon taken from the jury, in order that the several questions of law which arose upon the trial, might be determined by the full Court.

The case was submitted without argument.

*Coffin* and *Clifford*, for the plaintiff.

*Spooner* and *Warren*, for the defendant.

33 *

Lawrence
*v.*
Russell.

WILDE J. delivered the opinion of the Court. This case was taken from the jury, and has been submitted to the consideration of the Court upon the several questions of law raised at the trial. It was an action of trespass *quare clausum fregit*, and the questions relate to the plaintiff's title to the *locus in quo*.

His title is derived from one Noel Allen, and it was proved, that the lot in question was located and set off to Allen, as one of the proprietors in the common and undivided lands in the town of Dartmouth, by a committee of the proprietors, duly appointed to make locations in severalty to and among the proprietors within the township. This location is recorded in the books of the proprietors, and the title thus derived has never been called in question by the proprietors. There was evidence tending to show that Noel Allen's father was one of the proprietors, and a deed from him to Noel Allen was given in evidence.

This evidence clearly shows a *primâ facie* title in the plaintiff, derived from the original proprietors ; and whether it can be avoided by them or not, it seems clear that it cannot be avoided by one who is a mere stranger to the title, and who has no title except a naked possession. The defendant offered to prove, that the ancestor of Allen had, before this location, taken up his full share of the common lands. But if this fact were proved, it would not show that the location was void. It is equivalent to a partition in common form, and binds the possession even between the parties, although it does not affect the right of property. But if the proprietors acquiesce, it is not competent for the defendant to interpose ; and it would be no defence, if he could show, that Noel Allen had obtained a larger share of the common property than he was entitled to. Nor would it be competent for the defendant to prove, that the *locus* had been assigned to another proprietor before the location and assignment to Allen. The defendant cannot fortify his own title by setting up the title of a stranger, although he may show that a stranger, and not the plaintiff, was in possession at the time of the alleged trespass. And besides, there was no evidence of any prior division. All that was proved was, that the lot in question had at a former period been built

on. So that this latter question is not raised by the evidence.

Upon these principles, the plaintiff is entitled to judgment ; out according to the agreement of the parties, the case must be referred to another jury, though this seems to be useless, unless the defendant, on a new trial, can prove some new facts o fortify his defence.

*New trial granted.*